1  Matthew A. Rosenthal (SBN 279334)
   matt@westgatelaw.com
2  Westgate Law
   15760 Ventura Blvd, Suite 880
3  Los Angeles, CA  91436
   Tel: (818) 200-1497
4  Fax: (818) 574-6022
   Attorneys for Plaintiff,
5  REFUGIO RIVERA

6

**IN THE UNITED STATES DISTRICT COURT**
7  **CENTRAL DISTRICT OF CALIFORNIA**
   **WESTERN DIVISION**
8

9

REFUGIO RIVERA,                         )   **Case No.: 2:15-9163**
10                                       )
                                         )   **COMPLAINT AND DEMAND FOR**
11          Plaintiff,                   )   **JURY TRIAL**
                                         )
12      v.                               )   **(Unlawful Debt Collection Practices)**
                                         )
13                                       )
   WHEELS FINANCIAL GROUP, LLC d/b/a     )
14  LOANMART,                            )
                                         )
15                                       )
           Defendant.                    )
16

17

       REFUGIO RIVERA (Plaintiff), by her attorneys, WESTGATE LAW, alleges the
18
following against WHEELS FINANCIAL GROUP, LLC d/b/a LOANMART (Defendant):
19
                                **INTRODUCTION**
20
   1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 28
21
      U.S.C. § 227 *et seq.* (TCPA).
22
   2. Count II of the Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection
23
      Practices Act, Cal. Civ. Code §1788 *et seq.* (RFDCPA).
24

25

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court over Plaintiff's Complaint arises pursuant arises pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States, and this Court maintains supplemental jurisdiction over the state law claims alleged herein.

4. Defendant conducts business in the State of California thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

6. Plaintiff is a natural person residing in Los Angeles, Los Angeles County, California.

7. Defendant is a business entity with a principal place of business in Los Angeles, California.

8. Defendant regularly, on behalf of itself or others, engages in debt collection.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Since approximately 2015, and specifically within four years prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing for a title loan.

11. Plaintiff's alleged debt arises from a consumer credit transaction.

12. Since approximately 2015, and specifically within four years prior to the filing of this action, Defendant constantly and continuously placed collection calls to Plaintiff at Plaintiff's cellular telephone number ending in 5640 and to Plaintiff's place of employment at telephone number ending in 5300.

13. In or around October of 2015, Plaintiff spoke with Defendant's representative and requested that Defendant cease placing collection calls to Plaintiff's place of employment.

14. Despite Plaintiff's request to cease, Defendant continued to place collection calls to Plaintiff's place of employment on at least three (3) occasions.

15. On countless occasions, Plaintiff spoke with Defendant's representatives and informed Defendant's representatives that she could not pay the alleged debt, as Plaintiff is unable to work due to her son's terminal illness.

16. In or around November of 2015, Plaintiff informed Defendant in an email that she was represented by an attorney in regards to the alleged debt.

17. Despite being informed that Plaintiff could not pay the alleged debt, and despite being informed that Plaintiff was represented by an attorney, Defendant continued to constantly and continuously place collection calls and emails to Plaintiff in an attempt to collect the alleged debt.

18. Plaintiff placed approximately five to six calls to Plaintiff's cellular telephone on a near-daily basis.

19. On numerous occasions, Defendant placed pre-recorded messages on Plaintiff's voicemail at the cellular telephone number ending in 5640.

20. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

21. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

22. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

23. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

24. Even assuming arguendo that Defendant did have consent to call Plaintiff on Plaintiff's cellular telephone using an ATDS, that consent was subsequently revoked by Plaintiff. On several occasions, Plaintiff revoked consent by answering Defendant's calls and demanding that Defendant's calls cease.

25. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

26. Defendant is not a tax exempt nonprofit organization.

27. Defendant's violation of the TCPA was willful because Plaintiff requested that Defendant cease calling Plaintiff on countless occasions.

28. As a result of Defendant's constant and continuous harassment despite Plaintiff's numerous requests to cease, Plaintiff suffered embarrassment, humiliation, emotional distress, anguish, mental suffering, stress, aggravation, anguish, and anxiety.

## **FIRST CAUSE OF ACTION**
### **(Violations of the TCPA, 47 U.S.C. § 227)**

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.  Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following

(a)     Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b)     Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

31. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

32. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**(Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788)**

33. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

34. Defendant violated the RFDCPA based on the following:

a.   Defendant violated §1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called;

b.   Defendant violated §1788.11(e) of the RFDCPA by communicating, by telephone

or in person, with the debtor with such frequency as to be unreasonable and to

constitute an harassment to the debtor under the circumstances;

c. Defendant violated §1788.17 of the RFDCPA by continuously failing to comply

with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against

Defendant for the following:

(a)   An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(b)   As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(c)    As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(d)   Actual damages pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(a); and

(e)   Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b); and

(f)   Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

(g)   Punitive damages to the extent permitted by law; and

(h)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

1    (i)    For such other and further relief as the Court may deem just and proper.

2                        **DEMAND FOR JURY TRIAL**

3    Please take notice that Plaintiff demands a trial by jury in this action.

4

5    Date: November 25, 2015                    RESPECTFULLY SUBMITTED,

6                                               By:/s/  Matthew A. Rosenthal
7                                                   Matthew A. Rosenthal
                                                    Attorney for Plaintiff,
8                                                   REFUGIO RIVERA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF CALIFORNIA

      Plaintiff, REFUGIO RIVERA, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

      Pursuant to 28 U.S.C. § 1746(2), I, REFUGIO RIVERA, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.


DATE: _____            _____

                                      REFUGIO RIVERA